FRANCISCO A. BESOSA, UNITED STATES DISTRICT JUDGE
*26 Defendant Lara Castro-Ward ("Castro") moves to compel discovery and requests an extension of time to submit pretrial motions. (Docket No. 16.) For the reasons set forth below, Castro's motion to compel and request for an extension of time to submit pretrial motions is DENIED .
I. Background
Castro purportedly attempted to provide contraband, consisting of cellular phones, to inmates at the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico on July 30, 2016. (Docket No. 3.) On June 21, 2018, a federal grand jury charged Castro with willfully making false statements to United States Bureau of Prisons law enforcement officials and attempting to provide contraband in prison in violation of 18 U.S.C. § 1001(a)(2) and 18 U.S.C. §§ 1791(a)(1) and (b)(4), respectively. Id. Subsequently, the Court issued a scheduling order setting trial for August 29, 2018, and ordering the United States to provide Castro with all discovery pursuant to Federal Rule of Criminal Procedure 16 (" Rule 16") by July 12, 2018. (Docket No. 10 at p. 1.)
The United States notified Castro on July 20, 2018 that it intends to elicit at trial: (1) evidence that Castro smuggled contraband into MDC on prior occasions, (2) financial records demonstrating that Castro received payment for providing contraband to inmates at MDC, and (3) evidence that Castro destroyed evidence and made false statements to law enforcement officers. (Docket No. 16, Ex. 1.) The notification informed Castro that the United States intends to offer Castro's prior bad acts into evidence pursuant to Federal Rule of Evidence 404(b) (" Rule 404(b)"). Id. Castro requests that this Court compel the United States to disclose: (1) the dates that Castro purportedly provided contraband to inmates at MDC prior to July 30 2016, (2) the identity of the inmates who allegedly received contraband from Castro, (3) the specific funds relating to payment received by Castro for allegedly smuggling contraband into MDC, (4) information regarding the X-ray machine at MDC, and (5) video and photographs showing that Castro smuggled contraband into MDC. (Docket No. 16 at p. 6.)
II. Discussion
Castro cites to no authority for the proposition that she is entitled to the requested discovery. (Docket No. 16.) According to Castro, the "date for defendant to file a motion to exclude said Rule 404(b) evidence should be extended until the government has complied with this particular discovery that is necessary for [Castro] to intelligently present her motion to exclude said evidence." Id. at p. 5.
Rule 404(b) prohibits the admission of prior bad acts to establish an individual's character or propensity to commit a crime. Fed. R. Evid. 404(b). The rule, however, permits the admission of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (citing Fed. R. Evid. 404(b) ). Pursuant to Rule 404(b), the United States must "provide reasonable notice of the general nature of any [prior bad acts] evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(2)(a).[1]
*27 The notice provided to Castro is sufficient pursuant to Rule 404(b) because the United States informed her of the general nature of the prior bad acts. Docket No. 16, Ex. 1; see Advisory Committee Note to Fed. R. Evid. 404(b) ("The Committee considered and rejected a requirement that the [404b) ] notice satisfy the particularity requirements normally required of language used in a charging instrument," instead "opt[ing] for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts"). Castro sets forth no authority mandating that a more specific notice is required. Accordingly, Rule 404(b) cannot sustain Castro's motion to compel.
Federal Rule of Criminal Procedure 16 (" Rule 16") generally governs the disclosure of discovery in criminal actions. Fed. R. Crim. P. 16. Pursuant to Rule 16, on the defendant's motion, the United States "must permit the defendant to inspect" any document or object that the United States "intends to use in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E)(ii) ; see United States v. Grace, 401 F.Supp.2d 1093, 1097 (D. Mont. 2005) ("[B]ecause the government appears to intend to rely on the ATSDR study in its chase-in-chief, the records underlying that study are discoverable under Rule 16(a) (1(E)(ii)."). The United States represented to Castro that it intends to offer evidence of Castro's prior bad acts, including prior instances when Castro allegedly smuggled contraband into MDC. (Docket No. 16, Ex. 1.) But, "[b]y its own terms, Rule 404(b) only requires the government to disclose the general nature of 'other acts' evidence it intends to introduce at trial .... The plain language of the Rule, coupled with its purpose, simply do [sic] not support providing a defendant with materials which the government possesses and intends to use at trial." United States v. Rodríguez-Berríos, Criminal No. 04-081 (PG), 2006 WL 8437563 (D.P.R. Jan. 10, 2006).
With regard to Castro's request for discovery pertaining to the X-ray machine at MDC, the United States has represented that it has provided all pertinent discovery. Id. at p. 7. Consequently, Castro's request for discovery relating the x-ray machine at MDC is MOOT .
III. Conclusion
For the reasons sets forth above, Castro's motion to compel is DENIED . The deadline to file pretrial motions is August 15, 2018 . Trial remains set for August 29, 2018 at 9:00 a.m. No extensions will be allowed.
IT IS SO ORDERED .

The Court's scheduling order reiterates that the United States must "provide reasonably notice in advance of trial of any Rule 404(b) evidence." (Docket No. 10 at p. 3.)